UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR CRUZ-GAMEZ,<br><br>                Petitioner(s),<br>  v.<br><br>PAMELA BONDI, et al.,<br><br>                Respondent(s). | CASE NO. 2:25-cv-2154<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING DEFENDANTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

      Petitioner Victor-Cruz Gamez has filed a Petition for a Writ of Habeas Corpus in which he seeks release from confinement. Dkt. No 1. He also moves this Court for an Emergency Temporary Restraining Order, preventing his transfer to another detention facility while these proceedings are pending. Dkt. No. 2.

      Mr. Cruz-Gamez was taken into custody by Immigration and Customs Enforcement ("ICE") on October 14, 2025 and is detained at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Dkt. No. 1-2 at 2. On October 28, 2025, he attended a custody redetermination hearing where bond was denied, but he was given an alternative bond order set at $3,000. *Id.* Petitioner also had a master calendar hearing which was continued to November 13, 2025 in Tacoma. *Id.* As detailed in the TRO and supporting memoranda and declaration, Mr. Cruz-Gamez now believes that he is about to be imminently transferred out of the jurisdiction, away from his counsel and his family, rendering him unable to participate in his scheduled

immigration proceedings in this jurisdiction or his habeas proceedings in this Court. *Id.* at 4. Petitioner seeks an order to stop his impending transfer.

Petitioner has not yet served the petition on Defendants as the petition and motion for TRO were filed at 10:00 p.m. on Thursday, October 30, 2025. Thus, Defendants have not entered an appearance nor responded to Petitioner's motion. The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court orders as follows:

1. Petitioner's motion for a temporary restraining order (Dkt. No. 2) is GRANTED pending Defendants' response.

2. Defendants ARE PROHIBITED from removing Petitioner from this jurisdiction— i.e., the Western District of Washington—without further order from this Court.

3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Defendants. Petitioner's counsel SHALL immediately contact Defendants' counsel to provide a copy of this Order and meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Defendants SHALL respond to the TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING DEFENDANTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 2

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for a temporary restraining order.

Dated this 30th day of October, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING DEFENDANTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 3