UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTOR CRUZ-GAMEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Respondents. | Case No. 2:25-cv-02154-TMC<br><br>TEMPORARY RESTRAINING ORDER |

## I.     ORDER

On October 30, 2025, Petitioner Victor Cruz-Gamez filed a petition for writ of habeas corpus, alleging that Respondents violated the Immigration and Nationality Act by subjecting him to mandatory detention at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") under 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶¶ 50–52. The same day, he filed an emergency motion for a temporary restraining order ("TRO") and stay of removal enjoining Respondents from transferring him to another detention facility during the pendency of these habeas proceedings. Dkt. 2.[1] The after-hours District Judge issued an order granting temporary

---

[1] Although captioned as a request for stay of removal in addition to an order prohibiting transfer between ICE detention facilities, Petitioner's motion does not provide any argument or authority for such a stay. The Court therefore considers only whether to grant relief prohibiting transfer from NWIPC to another detention facility during these habeas proceedings.

TEMPORARY RESTRAINING ORDER - 1

relief to Cruz-Gamez pending Respondents' response to the motion. Dkt. 3. On October 31, Federal Respondents filed a response, and the case was transferred to the undersigned District Judge. Dkt. 5. The motion is now ripe for the Court's review. For the reasons that follow, the Court GRANTS the motion for a TRO.

Cruz-Gamez argues that a TRO is warranted because (1) he is likely to succeed on the merits of his habeas petition; (2) he faces irreparable harm from a potential transfer; and (3) the balance of equities and the public interest weigh in his favor. Dkt. 2 ¶¶ 10–18. Federal Respondents assert that transfer is permissible consistent with the government's authority "to determine the placement and transfer of detainees to appropriate detention facilities." Dkt. 5 at 2; *see* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.").

A federal district court "may issue all writs necessary or appropriate in aid of [its] . . . jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A court "has the inherent authority and responsibility to protect the integrity of its proceedings which [are] undoubtedly impacted" when a habeas petitioner is transferred to a detention facility outside of the district. *Ozturk v. Trump*, 779 F. Supp. 3d 462, 496 (D. Vt. 2025), *amended sub nom. Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025). Under this authority, a court may order injunctive relief prohibiting the government from transferring a petitioner out of the district while habeas corpus proceedings are ongoing. *See Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8–9 (N.D. Cal. Sept. 18, 2025). Section 1231(g) does not preclude courts' inherent authority. *See Ozturk*, 136 F.4th at 395–96 (determining that the government was unlikely to succeed on its argument that judicial review was precluded under § 1231(g)); *see also Reyna ex rel J.F.G. v. Hott*, 921 F.3d 204, 209 (4th Cir. 2019) ("[T]he language of

§ 1231(g) does not address transfers at all, nor does it explicitly grant the Attorney General or the Secretary of Homeland Security discretion with respect to transfers.").

Moreover, a party seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction."). When a party seeks a TRO against the government, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

The Court finds that Cruz-Gamez has met the standard for a TRO. First, he is likely to succeed on the merits: his habeas petition presents the same legal question that this Court considered in *Rodriguez Vazquez v. Bostock*, in which the Court declared that the Tacoma Immigration Court's practice of denying bond to certain detainees on the basis of 8 U.S.C. § 1225(b) was unlawful. --- F. Supp. 3d ---, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025).

Second, he has demonstrated a likelihood of irreparable harm from a transfer, which would impede his communications with counsel. Dkt. 2 ¶¶ 14–15; *see L.A.E. v. Wamsley*, No. 3:25-CV-01975-AN, 2025 WL 3037856, at *5 (D. Or. Oct. 30, 2025) ("Given the labyrinthine nature of immigration law and the harms of an erroneous deportation, abridging access to legal representation in the context of removal proceedings is a particularly concrete and irreparable harm."); *Arroyo v. U.S. Dep't of Homeland Sec.*, No. SACV19815JGBSHKX, 2019 WL 2912848, at *22 (C.D. Cal. June 20, 2019) (concluding that transferring detainees to new immigration facilities would cause irreparable harm by burdening detainees' ability to interact

TEMPORARY RESTRAINING ORDER - 3

with retained counsel). Cruz-Gamez's counsel attests that Cruz-Gamez's daughter relayed a message from Cruz-Gamez indicating that his commissary account had been drained, and he was likely to be transferred to a detention center outside of the district. Dkt. 2-1 ¶ 2.

Finally, the balance of the equities weighs in Cruz-Gamez's favor. Ensuring Cruz-Gamez retains access to counsel will facilitate the speedy resolution of the habeas proceedings. *See Oliveros*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8–9 ("Here, the Court finds that equities strongly favor Petitioner remaining in this District pending the resolution of this matter because this will expedite resolution of this matter, provide Petitioner ready access to medical and legal services, and address concerns about the conditions of her detention."). Federal Respondents have not shown that maintaining Cruz-Gamez's detention at NWIPC would impose an undue burden on the government, and if circumstances change, Respondents can seek a modification of this Order. Keeping Cruz-Gamez at NWIPC would be consistent with the Immigration and Customs Enforcement ("ICE") Detainee Transfers Directive No. 11022.1, which states that "[u]nless a transfer is deemed necessary by a [Field Office Director] or his or her designee," ICE "will not transfer a detainee when there is documentation to support," among other things, "[i]mmediate family within the [Area of Responsibility]" or "[a]n attorney of record . . . within the [Area of Responsibility.]" *Arroyo*, No. SACV-19815-JGBSHKX, 2019 WL 2912848, at *3; *see also* Dkt. 5 at 2 (citing U.S. Immigration and Customs Enforcement, Performance-Based National Detention Standards 2011 (rev. 2016), *available at* https://www.ice.gov/doclib/detentionstandards/2011/pbnds2011r2016.pdf, which in turn states that "[d]ecisions to transfer detainees are made . . . on the basis of complete and accurate case information and principles set forth in the ICE/ERO Detainee Transfers Directive and other applicable ICE/ERO policies"); ICE/ERO Detainee Transfers Directive at 2, *available at*

https://www.ice.gov/doclib/foia/policy/11022.1_DetaineeTransfers.pdf. Therefore, the Court concludes that a TRO is warranted to protect the integrity of these habeas proceedings.

Accordingly, the Court orders as follows:

1. Petitioner's motion for a temporary restraining order (Dkt. 2) is GRANTED.

2. Respondents, including their officers, agents, servants, employees, attorneys, or others acting on their behalf, are PROHIBITED from transferring Petitioner Victor Cruz-Gamez from the Northwest Immigration and Customs Enforcement Processing Center to any other facility during the pendency of these proceedings unless they seek modification of this Order or there is a final, executable removal order for Mr. Cruz-Gamez.

3. This Order expires November 17, 2025 unless extended by this Court. The Court anticipates that it can rule on the underlying habeas petition within that time. Should an extension be necessary, the Court will set a hearing and briefing schedule for whether to convert the TRO into a preliminary injunction.

4. Respondents have not requested a bond and the Court waives the bond requirement under Federal Rule of Civil Procedure 65(c).

Dated this 3rd day of November, 2025.

Tiffany M. Cartwright
United States District Judge