UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTOR CRUZ-GAMEZ,<br><br>           Petitioner,<br><br>   v.<br><br>PAMELA BONDI, et al.,<br><br>           Respondents. | Case No. 2:25-cv-02154-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.  INTRODUCTION AND BACKGROUND

Petitioner Victor Cruz-Gamez is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶ 1. Cruz-Gamez, who entered the United States without inspection in 1999 and was apprehended by Immigration and Customs Enforcement officials on October 14, 2025, claims that he is unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 22–42, 47–49, Dkt. 1-2 ¶ 2. He argues that he is instead subject to detention under a separate provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), under which he is entitled to a bond hearing before an Immigration Judge ("IJ") with the possibility of release. Dkt. 1 ¶¶ 22–42, 47–49. Cruz-Gamez further claims that his continued detention without a bond redetermination hearing violates his due process rights. *Id.* ¶¶ 53–56.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Cruz-Gamez was denied bond under the rationale that the Tacoma Immigration Court lacks jurisdiction to grant bond for those mandatorily detained under § 1225(b)(2). *Id.* ¶ 8; Dkt. 1-2 ¶ 2; Dkt. 10-1 at 2. An IJ set bond in the alternative in the amount of $3,000 and "any conditions set by" Immigration and Customs Enforcement or the Department of Homeland Security. Dkt. 1-2 ¶ 2; Dkt. 10-1 at 2.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025).

On October 30, Cruz-Gamez filed a petition for writ of habeas corpus. Dkt. 1. The same day, he filed an emergency motion for a temporary restraining order ("TRO") enjoining Respondents from transferring him to another detention facility during the pendency of these habeas proceedings. Dkt. 2. The after-hours District Judge issued an order granting temporary relief to Cruz-Gamez pending Respondents' response to the motion. Dkt. 3. On October 31, Federal Respondents filed a response to the TRO motion, and the case was transferred to the undersigned District Judge. Dkt. 5. On November 3, the Court issued a TRO prohibiting Respondents from transferring Cruz-Gamez from NWIPC and an order to show cause directing Respondents to file a return to the habeas petition. Dkt. 7; Dkt. 8. On November 6, Respondents filed a return. Dkt. 9. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS Cruz-Gamez's petition for a writ of habeas corpus.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on his habeas petition, Cruz-Gamez "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024) (citing 28 U.S.C. § 2241(c)(3)), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024). A habeas petitioner must prove by the preponderance of the evidence that he is entitled to relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Cruz-Gamez argues that because he is a member of the Bond Denial Class, his continued detention under § 1225(b)(2) and the denial of his request for bond under § 1226(a) violate the INA and his right to due process. Dkt. 1 ¶¶ 22–42, 47–56.

Respondents explain that while they continue to disagree with *Rodriguez Vazquez*, they "do not oppose this Petitioner being considered [a] member[] of the Bond Denial Class for purposes of this litigation." Dkt. 9 at 3 (footnote omitted). Respondents argue that if this Court grants the habeas petition, "the appropriate relief would be for him to either have a bond redetermination hearing in the immigration court pursuant to 8 U.S.C. § 1226(a) or to be released upon payment of the bond amount ($3,000) found in the alternate order by the [IJ] in his bond hearing." *Id.* at 3–4.

In *Rodriguez Vazquez*, this Court granted summary judgment and entered a declaratory judgment for members of a certified Bond Denial Class, declaring that the "Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at

\*27. The Court further declared that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.* There is no dispute that Cruz-Gamez is a member of the Bond Denial Class for purposes of this litigation. Dkt. 1 ¶ 42; Dkt. 9 at 3. For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Cruz-Gamez is detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at \*27. Cruz-Gamez has thus shown he is "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3). In addition, because nothing in the record shows that circumstances have changed since Cruz-Gamez's initial bond hearing, the Court declines to order a bond redetermination hearing. The writ of habeas corpus is GRANTED.

## IV.  CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within ONE day of this Order, Respondents must either release Petitioner Victor Cruz-Gamez or allow Petitioner's release upon payment of the alternative bond amount of $3,000 and any conditions set by Immigration and Customs Enforcement or the Department of Homeland Security.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 7th day of November, 2025.

Tiffany M. Cartwright
United States District Judge